IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| NORMAN CRITTENDON,<br><br>        Plaintiff,<br>vs.<br><br>MARK HOLMES, DEPUTY SHERIFF,<br><br>        Defendant. | NO.1:23-CV-00357-MAC |

REPORT AND RECOMMENDATION DENYING MOTION TO DISMISS

This case is assigned to United States District Judge Marcia Crone and referred to the undersigned United States Magistrate Judge for pretrial management. Currently pending before the court is a *Motion to Dismiss Plaintiff's Complaint* filed by Defendant Mark Holmes. Dkt. No. 8. Plaintiff Norman Crittendon, proceeding *pro se*, has not filed a response.

In the *Motion to Dismiss*, Holmes construes Crittendon's complaint as alleging, in part, false imprisonment and malicious prosecution claims. Holmes's basis for dismissal of both of those claims is that Crittendon did not allege how he falsely alleged facts in a probable cause affidavit.

On January 24, 2024, the undersigned held a *Spears* hearing on Crittendon's complaint.[1] During the *Spears* hearing, Crittendon set forth various facts he believed Holmes falsely stated in the probable cause affidavit. Unfortunately, the *Spears* hearing transcript was not filed until after Holmes filed his *Motion to Dismiss*.

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

Accordingly, Holmes's *Motion to Dismiss* should be **DENIED** subject to reassertion in light of the testimony given at the *Spears* hearing. Holmes shall have **until July 18, 2024**, to file an Answer or other responsive pleading. Furthermore, Crittendon's *Motion for Order for Rule 16 Management Conference* (Dkt. #9) is **DENIED** pending the filing of Holmes's responsive pleading.

OBJECTIONS

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. See 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. See 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings

of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 27th day of June, 2024.

_____
Zack Hawthorn
United States Magistrate Judge